IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMSUNG SDI CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No.  05-1680 |
| | ) |
| MATSUSHITA ELECTRIC INDUSTRIAL CO., L.T. | ) |
| D. and PANASONIC CORPORATION OF NORTH | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

# OPINION
## and
## ORDER OF COURT

Defendants Matsushita Electric Industrial Co., Ltd. and Panasonic Corporation of North America ("MEI") move for leave to file a First Amended Answer and Counterclaim. See Docket No. 46. Plaintiff Samsung SDI Co., Ltd. ("Samsung") opposes the Motion.  For the reasons set forth below, the Motion is DENIED.

MEI has already asserted several counterclaims.  Those six claims seek a declaration of non-infringement and / or invalidity of those patents owned by Samsung, and which Samsung claims were infringed by MEI.  MEI now seeks to add four additional counterclaims.  These proposed counterclaims would inject four new patents into the litigation - patents owned by MEI which it contends were infringed by Samsung.

1

MEI's request is governed by Rule 13(f) of the Federal Rules of Civil Procedure. Rule 13(f) provides that:

> [w]hen a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice so requires, the pleader may by leave of court set up the counterclaim by amendment.

Fed. R. Civ. P. 13(f).  "Like Rule 15(a), Rule 13(f) of the Federal Rules of Civil Procedure has been interpreted as requiring a liberal standard to the determination of whether a defendant may add counterclaims to its answer." Today's Man, Inc. v. Nationsbank, N.A., Civ. No. 99-479, 2000 WL 822500 at * 1 (E.D. Pa. June 22, 2000) (citations omitted).  "This liberal approach ensures that disputes will be decided on their merits rather than on mere technicalities." Fidelity Federal Savings and Loan Association v. Felicetti, 149 F.R.D. 83, 85 (E.D. Pa. 1993) (citations omitted).  "The phrase in Rule 13(f) 'when justice so requires' is particularly flexible and allows the court to exercise its discretion and allow the amendment in the interest of justice." Fidelity, 149 F.R.D. at 85 (citations omitted).  "However, a court may deny a request to amend if there has been undue delay by the movant, bad faith on the part of the movant or the opposing party would suffer undue prejudice." Id., citing, Foman v. Davis, 371 U.S. 178, 181 (1962).  "The court must also consider whether the interests of judicial economy will be advanced by the resolution of the proposed claim and the original claims in one proceeding." Id., citing, Nelson v. Compagnie De Saint-Govain, 1991 WL 280848 at * 3 (E.D. Pa. 1991).

A consideration of the first three factors does not require a denial of the

motion. Clearly, MEI has researched the issue of potential infringement for more than a year, so its contention that it only began investigating possibilities of claims once the Complaint was filed lacks credibility. <u>See</u> Docket No. 59.  Had this case advanced substantially through the discovery phase, MEI's delay may have merited a denial of the motion.  Yet this case has not advanced beyond its earliest stages, so any delay is immaterial.  Further, there is no indication that MEI has acted in bad faith.  Samsung may not be happy with MEI's strategy in seeking to litigate its counterclaims both in this case and in the California action, but Samsung created this situation when it chose to initiate two actions on the same day, and against at least some of the same defendants, in two different venues.  Finally, because this case is at the earliest stages of litigation, I can see no "undue prejudice" which Samsung would suffer if leave were granted to file additional counterclaims.

Yet considerations of judicial economy, and the unique posture of this case compel me to deny the motion.  First, MEI's proposed counterclaims are permissive in nature, rather than compulsory.  As such, denial of leave to assert them here does not thereby prevent MEI from pursuing its claims of infringement elsewhere. Second, MEI is currently pursuing claims of infringement in the California litigation on patents which are closely aligned with those sought to be asserted here.  Indeed, the '598 patent which MEI seeks to assert here is a divisional application of the MEI '033 patent which has been asserted in the California action.  Unsurprisingly, both the '598 patent and the '033 patent share the same six inventors.  The patents also share the same prior art references and implicate the same documents.  Similarly,

the '463 patent sought to be asserted here shares two inventors with the MEI '766 patent asserted in the California action.  The MEI '781 patent and the MEI '463 patent, which are proposed here, and the MEI '285 patent, which has been asserted in the California action, appear to all involve driving waveforms, circuitry and electronics. Consolidating discovery on these patents and having one court preside over the infringement of these patents would serve the interests of judicial economy.

The California  action was filed the same day that Samsung initiated this action.  Consequently, I find it unlikely that the California action has progressed beyond its initial stages, such that Samsung would be unduly prejudiced if MEI sought leave to add those counterclaims to that action.  Indeed, in adopting the position that it has with respect to this Motion, I would think it unlikely that Samsung would even oppose a motion for leave to file additional counterclaims in that action.  Thus, because there is another venue in which MEI can assert its proposed counterclaims and because judicial economy would be better served if the claims were litigated in that venue, the Motion for Leave is denied.

AND NOW, this **5**[th] day of April, 2006, It is further ORDERED that the:

(1) Disclosure of Asserted Claims and Preliminary Infringement Contentions shall occur no later than 30 days from the date of this order (LPR 4-4);

(2) Disclosure of Non-infringement and Invalidity Contentions shall occur no later than fifteen days after the Preliminary Infringement Contentions are made (LPR 3-4);

(3) Exchange of Proposed Terms and Claim Elements for Construction shall occur no later than 10 days after service of the Non-infringement and Invalidity Contentions (LPR

4-1);

(4) Joint Disputed Claim Terms Chart, listing claim terms and corresponding intrinsic evidence for each disputed claim term shall be filed no later than 10 days after exchange of Claim Terms and Phrases for construction (LPR 4-2);

(5) Opening Claim Construction Brief shall be filed no later than 30 days after the Joint Term Chart is filed (LPR 4-3(a));

(6) Response to the Opening Claim Construction Brief shall be filed no later than 20 days after the filing of the Opening Brief (LPR 4-3(c));

(7) Reply to the Response to the Opening Claim Construction Brief shall be filed no later than 15 days after the filing of the Response Brief (LPR 4-3(e));

(8) Claim Construction Hearing is scheduled for 9:30 am on September 6, 2006.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

5