IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMSUNG SDI CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1680 |
| | ) |
| MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD., | ) |
| and PANASONIC CORPORATION OF NORTH | ) |
| AMERICA, | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## ORDER OF COURT

Defendant Matsushita Electric Industrial Co., Ltd. and Panasonic Corporation of North America ("MEI") have filed a Motion to Compel Plaintiff Samsung SDI Co., Ltd.'s Further Response to Interrogatory No. 1. See Docket No. 104. Interrogatory No. 1 asked:

> For each claim of the SDI Pennsylvania Patents, please identify all embodying systems, devices or products and explain in detail (providing claim charts for each claim implicated) why You believe every limitation of the claim is present in the system, device or product (for product claims) or in the method by which it was manufactured or the way in which it is used (for method claims).  Your answer should include, on a claim-by-claim basis, an identification of every PDP system, device or product that You contend either (a) embodies such claim, (b) is a component constituting a material part of the invention of such claim, (c) was made according to the method of such claim, or (d) was designed to practice the method of such claim.  This interrogatory relates to all systems, devices and products known or believed by SDI to embody

>   the claims, whether the system, device or product is SDI's,
>   MEI's, PNA's, or some other Person's.

Samsung objects to the interrogatory on many grounds, but chiefly, that it should not bear the burden of generating new analyses on matters having nothing to do with any contention it has made in this litigation.  According to Samsung, its decision not to assert that its products are the commercial embodiments of the patents in suit renders this information irrelevant.

Samsung has, in fact, unequivocally stated that it "is not relying on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices any of the claimed inventions." See Declaration of Paul Tripodi, Docket No. 121, ¶ 5.  Additionally, SDI insists that it would rely only on the date of actual notice for damages in lieu of marking and that SDI would not urge commercial success as a factor in the analysis of a lost profits or reasonable royalty.  See Docket No. 119, p. 3.  Samsung's representations in this regard convince me that the information sought in Interrogatory No. 1 is too burdensome given its remote relevance to the case.  Accordingly, this **11th** day of October, 2006, it is Ordered that the Motion (Docket No. 104) is DENIED.

                                         BY THE COURT:

                                         /S/   Donetta W. Ambrose

                                         Donetta W. Ambrose,
                                         Chief U. S. District Judge