IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMSUNG SDI CO., LTD., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| -vs- | ) |
| | ) Civil Action No. 05-1680 |
| | ) |
| MATSHUSHITA ELECTRIC INDUSTRIAL CO., LTD., et al., | ) |
| | ) |
| | ) |
| Defendants. | ) |

AMBROSE, Chief District Judge.

## MEMORANDUM OPINION and ORDER

Defendants Matsushita Electric Industrial Co., Ltd. and Panasonic Corporation of North America (collectively referred to as "Panasonic") have filed a "Motion for Amended Discovery Schedule Based On The Supreme Court's Recent Ruling Regarding The Standard Governing Invalidity Of Patents For Obviousness." See Docket No. 338. Panasonic contends that the Supreme Court's recent decision in KSR International Co. v. Teleflex Inc., 127 S. Ct. 1727, 167 L. Ed.2d 705 (2007), requires that this Court reopen expert discovery and permit the filing of an additional motion for summary judgment.[1] Plaintiff Samsung SDI Co., Ltd. ("Samsung") opposes the Motion.

---

[1] In KSR, the Supreme Court addressed the issue of whether the Court of Appeals for the Federal Circuit had employed the correct test in determining whether a patent was invalid under 35 U.S.C. § 103 based upon obviousness. The Supreme Court ultimately reversed the Federal Circuit's decision, holding the patent invalid as obvious.

1

The Motion (Docket No. 338) is GRANTED in part and DENIED in part. The Motion is GRANTED insofar as I will permit the parties to serve additional expert reports addressing the invalidity of the patents-in-suit under 35 U.S.C. § 103 on or before September 15, 2007. The parties may also take expert depositions concerning the content of the supplemental expert reports. Such depositions shall be concluded on or before October 15, 2007. The experts were required to submit their reports before the KSR decision was issued. Though I understand Samsung's argument that the "legal standards" relied upon by Panasonic's experts do not differ greatly, if at all, from those set forth in KSR, I think it only fair, and undoubtedly helpful to the jury who will be instructed in accordance with language from KSR, that the experts be permitted to address the invalidity of the patents under § 103 in light of the KSR decision.

The Motion is DENIED, however, insofar as Panasonic seeks leave to file a supplemental summary judgment motion. Panasonic was given the opportunity to file a Motion for Summary Judgment and in fact, did so. Though Panasonic raised numerous bases for the entry of judgment in its favor, it did not contend that any of the patents were invalid under § 103 based upon obviousness. While Panasonic and Samsung may bicker over the import of the KSR decision, certainly Panasonic has not argued that the decision changed the landscape of an invalidity challenge for obviousness to such a degree as to now offer a basis for securing a judgment in its favor where previously, it merited not even a grounds for seeking summary judgment. To the extent that Panasonic intends to make this argument, I find it

unpersuasive. I note, however, that the denial on this basis is without prejudice. Following the resolution of the pending Motions for Summary Judgment and all other pretrial proceedings, and once the expert reports and depositions are concluded, I will, if necessary, consider a Motion for Leave to File a Supplemental Motion for Summary Judgment.

BY THE COURT:

/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge

<u>JULY 3, 2007</u>