IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SAMSUNG SDI CO., LTD, a corporation,   )
                                    )
             Plaintiff,              )
                                    )
  -vs-                         )
                             Civil Action No.  05-1680
                                    )
MATSUSHITA ELECTRIC INDUSTRIAL CO., LTD,  )
a corporation, and PANASONIC CORPORATION )
OF NORTH AMERICA, a corporation,     )
                                    )
            Defendants.         )

AMBROSE, Chief District Judge.


OPINION and ORDER OF COURT

SYNOPSIS

Parties to a patent infringement suit have filed Cross-Motions for Summary

Judgment on the issues of infringement and invalidity.  Genuine issues of material

fact exist because both parties' positions are supported by their respective expert's

testimony and other evidence of record.  Construing the facts in the light most

favorable to the nonmoving party mandates a denial of the motions.

OPINION[1]

Plaintiff Samsung SDI Co., Ltd. ("Samsung") has asserted that certain plasma

display panel ("PDP") products ("the Accused Products") manufactured and sold by

---

[1] As the parties are familiar with this case, and many Opinions and Orders of Court have already been issued, a lengthy recitation of the underlying facts and procedural history is unnecessary.

Defendants Matsushita Electric Industrial Co., Ltd. and Panasonic Corporation of America (collectively referred to as "Panasonic") infringe Samsung's U.S. Patent Nos. 6,674,237 ("the '237 Patent"),  6,828,731 ("the '731 Patent") and 6,884,142 ("the '142 Patent").    Disputed claim terms set forth in these Patents and identified by the parties were defined following a *Markman* hearing presided over by Special Master Thomas Smegal.   I subsequently adopted Special Master Smegal's Report and Recommendation in its entirety. See Docket No. [151].

Shortly thereafter, Samsung filed a Motion for Summary Judgment. See Docket No. [166].   Samsung contends that the undisputed material facts demonstrate that the Accused Products infringe the '237 Patent, the '731 Patent and the '142 Patent.   Panasonic has also filed a Motion for Summary Judgment. See Docket No. [256].   In addition to contending that the undisputed material facts indicate that the Accused Products *do not* infringe the '237 Patent, the '731 Patent and the '142 Patent, Panasonic also argues that the Patents are invalid.

The parties have clearly engaged in an enormous amount of complex and detailed work in preparing their motions, briefs and exhibits.  Yet when the parties collectively submit 370 pages of "concise" statements of material facts, which they characterize as undisputed or disputed (depending upon whether they are movant or non-movant), the fact that the Court will likely find summary judgment inappropriate based upon the existence of genuine issues of material fact cannot come as a total surprise.  For the reasons set forth below, the Motions are denied.

STANDARD FOR SUMMARY JUDGMENT

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).  A fact is material when it might affect the outcome of the suit under the governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990).  The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248.  Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322.  Once the moving party satisfies its burden, the burden shifts to the non-moving party, who must go beyond its pleadings, and designate specific facts by the

use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## ANALYSIS

I. Infringement

As stated above, Samsung seeks an Order declaring that the Accused Products infringe the '237, the '731 and the '142 Patents as a matter of law.  Panasonic has filed its own dispositive motion, seeking an Order declaring that the Accused Products do not infringe the '237, the '731 and the '142 Patents as a matter of law.  In essence, the parties have submitted dueling expert reports both in favor of and in opposition to dispositive motions.

In reviewing Samsung's Motion, I am constrained to view the facts in a light most favorable to the non-moving party - Panasonic.  Here, Panasonic has tendered evidence[2] which creates genuine issues of material fact concerning whether the Accused Products infringe the '237, the '731 and the '142 Patents.  For instance, with respect to the '237 Patent, genuine issues of material fact exist regarding whether the Accused Products include a change in the amount of both the dielectric component and the metal component which is either "gradual" or "stepwise," as contrasted with a layered structure.  Genuine issues of material fact also exist concerning whether the Accused Products include a zone at least partially filled with a "filling material" and whether at least one surface of the "filling material" is in "direct contact" with an outermost surface of the outermost partition along the

---

[2] I speak mainly here of Dr. Chapman's expert reports and the exhibits referenced therein.

length of the zone. Whether the Accused Products meet the limitation in Claim 1 of the '731 Patent that relates to fluorescent substances coated between partitions is also a genuine issue of material fact. Finally, with respect to the '142 Patent, genuine issues of material fact exist which relate, at a minimum, to whether the method of manufacturing the Accused Products is comprised of a "gas removal channel," and / or a coating of fluorescent substance between the formed partitions. These genuine issues preclude me from entering judgment as a matter of law in Samsung's favor at this procedural juncture.

In reviewing Panasonic's Motion with respect to infringement, I am similarly constrained to view the facts in a light most favorable to the non-moving party - Samsung. Here, Samsung has submitted evidence[3] which creates genuine issues of material fact regarding infringement of the '731, '237 and '142 Patents - largely those identified above. These genuine issues preclude me from entering judgment as a matter of law in favor of Panasonic at this procedural juncture.

I recognize that the parties have filed *Daubert* challenges to both Chapman's and Silzars' reports. See Docket No. [253] and [266]. I have not yet held *Daubert* hearings or ruled on the Motions. Should both challenges be rejected, the summary judgment rulings on infringement would stand, as reasonable fact finders could reach differing conclusions as to whether the Accused Products infringe the Patents at issue. Should I sustain a *Daubert* challenge, however, a party may seek leave for reconsideration of the summary judgment motions, on that limited basis, as already

---

[3] I speak mainly of Dr. Silzars' reports and the exhibits referenced therein.

briefed.

## II. <u>VALIDITY</u>

Panasonic offers an additional basis for the entry of summary judgment in its favor. It contends that the Patents at issue are invalid. Its challenge in this regard relates to a Japanese Laid-Open Patent Application and Panasonic prior art. I address each contention in turn.

The Japanese Laid-Open Patent Application No. H11-7897 ("the '897 Publication") was published on January 12, 1999. <u>See</u> Appendix, Tab A, Lever Dec., Ex. 10. The '897 Publication is entitled "Gas discharge display panel and display apparatus making use thereof." <u>Id</u>. According to Panasonic, the '897 Publication discloses each and every element of the asserted claims of the '731 and the '142 Patents, thereby rendering those patents invalid. I reject Panasonic's contention. Genuine issues of material fact exist (<u>see</u> Samsung's Appendix C, Silzars Dec., Ex. 7) concerning whether each and every limitation set forth in the '731 and '142 Patents is disclosed in the '897 Publication. Accordingly, Panasonic is not entitled to summary judgment. <u>See</u> <u>Celeritas Techs. Inc. v. Rockwell Int'l Corp.</u>, 150 F.3d 1354, 1360 (Fed Cir. 1998) and <u>C.R. Bard, Inc. v. M3 Systems, Inc.</u>, 157 F.3d 1340 (Fed. Cir. 1998).

With respect to the Panasonic prior art, Panasonic identified a "PM2 Panel" which was sold in the United States before the priority dates for the '237 and the '142 patents. Panasonic's expert, Dr. Brian Chapman, obtained and tested a PM2 Panel and offers his expert opinion that this prior art contains all of the elements

as recited in the claims of the '237 Patent and the '142 Patent.   Accordingly, Panasonic reasons that the '237 and the '142 Patents are invalid.

Summary judgment is inappropriate at this time.  The success of its argument depends upon the testimony of Dr. Brian Chapman.  As stated above, Samsung has challenged Chapman's testimony under *Daubert*.  Were I to sustain that challenge, there would be no evidentiary support for Panasonic's invalidity argument in this regard.  Further, I reject Panasonic's contention that Samsung's expert, Dr. Silzars, has essentially conceded that the PM2 Panel contains each and every limitation of the asserted claims of the '142 Patent and the '237 Patent.  I read Dr. Silzars' testimony and reports differently.

I do note, however, that I find unpersuasive Samsung's contention that Panasonic's motion must fail because there is no documentary corroboration to support its employee's contention that the PM2 Panel actually tested was identical to the PM2 Panels sold during the relevant period of time in the United States. See Docket No. [291], p. 16-17.  In response to Samsung's argument, Panasonic clearly identified the documentary support for its employee's testimony and I reject Samsung's argument for this reason. See Docket No. [321] and Exhibits referenced therein.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ORDER OF COURT

AND NOW, this **1ˢᵗ** day of August, 2007, after careful consideration, and for the reasons set forth in the accompanying Opinion, it is Ordered that the parties'

Motions for Summary Judgment (Docket Nos. [166] and [256]) are  DENIED.

The parties are further ORDERED to confer regarding possible dates for hearings on the Daubert Motions relating to Reed, Chapman, Sterne, Silzars and Barmak.  A conference call is scheduled, via telephone, for Wednesday, August 8, 2007, at 09:45 A.M. to discuss such dates.  Plaintiff is to make arrangements for the conference call using the telephone number:   (412) 208-7350.


BY THE COURT:



/S/   Donetta W. Ambrose

Donetta W. Ambrose,
Chief U. S. District Judge